## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

STACY MARIE MATTINGLY,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

Case No. 08-CIV-409-RAW

## ORDER

Before the court is the Plaintiff's Motion for Fees and Other Expenses pursuant to the Equal Access to Justice Act [Docket No. 25]. On March 31, 2010, this court rendered a final judgment remanding the Plaintiff's case for further proceedings. Defendant objects to the amount of the requested fees, stating the requests are excessive. Defendant also objects to certain requests for expenses "to the extent they are unsubstantiated and not compensable" [Docket No. 27]. Plaintiff has not filed a reply to her motion.

Plaintiff requests attorney fees in the amount of $8,500.00 and expenses of $144.39. This includes 68.4 hours of attorney time at a rate of $125.00 per hour. The expenses include long distance telephone costs, postage, Federal Express costs, the filing fee for counsel's pro hac vice application, and Pacer research. Defendant requests the court award attorney fees of no more than 40 hours ($5,000.00), stating that nothing in Plaintiff's application "sets this case apart from any routine disability case."

**Attorney Fees**

The Equal Access to Justice Act ("EAJA") provides for payment of "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). In reviewing such an application, a court should calculate the number of hours reasonably expended multiplied by a reasonable hourly rate.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." S.Rep. No. 94-1011, p. 6 (1976). Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 1939 - 1940 (1983).

Additionally, in evaluating the necessity of time spent, "the court should address whether the time spent was excessive or in duplication of another's efforts; excessive or duplicative time is clearly unnecessary." Combs v. Shelter Mutual Insurance Company, 2007 WL 1106122 (E.D. Okla.), *3.

Plaintiff's request of 68.4 hours is more than other courts have noted is an average amount spent on a Social Security case. See Hayes v. Sec. of Health and Human Servs., 923 F.2D 418 (6th Cir. 1990) (30-40 hours was the average amount of time spent on a social security case); De Gennaro v. Bowen, 666 F.Supp. 426 (E.D.N.Y. 1987) (20-40 hours of compensation in social security cases); Carlson v. Astrue, 500 F.Supp.2d 1174 (D.Kan. 2007) (53.25 hours was reasonable); Elzey v. Chater, 927 F.Supp. 1436 (D.Kan. 1996) (45 hours approved); Medina v. Astrue, 2010 WL 1254835 (D.Colo.) (50 hours approved).

The court finds that Plaintiff's request of 68.4 hours is excessive, and will be reduced to 40 hours.

### Costs

Plaintiff requests costs of $144.39 for long distance telephone, postage, Federal Express charges, copies, filing fee for counsel's motion for pro hac vice, and Pacer research.

Local Civil Rule 54.1 requires a party to file a bill of costs for such expenses. Plaintiff has failed to do so. Defendant, however, does not object to Plaintiff's request for $12.78 in telephone charges and $1.84 in Pacer fees. In spite of the lack of a bill of costs, Plaintiff will be reimbursed for the amount of the uncontested costs.

### Conclusion

Plaintiff's Application for Fees and Other Expenses [Docket No. 25] is **GRANTED** in part and **DENIED** in part. Plaintiff is GRANTED reasonable attorney's fees in the amount of **$5,000.00** for services rendered pursuant to 28 U.S.C. §2412(a) and (d). Additionally, **$14.62** will be reimbursed to the Plaintiff for costs. If Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b), counsel must refund the smaller of the EAJA or the 406(b) award that is received to the Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDERED THIS 3rd DAY OF AUGUST, 2010.**

**Dated this 3rd Day of August 2010.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

j4h4i0